## William E. Knapp, Adm'r, etc., v. Mamie McCormick.

1. PRACTICE—*Delaying a Trial Discretionary.*—Whether the trial of a case should be delayed or not is a matter of discretion with the trial court, and is not assignable error.

**Claim in Probate.**—Appeal from the Circuit Court of Bureau County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

The briefs and abstracts filed herein are entitled as in the

case of "Estate of Mary Pogrseba, alias Mary Seabeck, deceased, v. Mamie McCormick." As William E. Knapp appears to be the administrator of said estate, defended as such and perfected the appeal to this court, he is the appellant, and we have given the case what we conceive to be its proper title.

The controversy herein arises upon a claim filed by appellee against the estate of said Mary Pogrseba, deceased. On a hearing in the County Court the claim of appellee was allowed to the amount of $200, as of the seventh class, and judgment rendered accordingly. Appellant prosecuted an appeal to the Circuit Court. At the September term, 1898, of said court, when the case was reached for trial, appellant, not appearing, was called and defaulted, and the appeal dismissed for want of prosecution. Subsequently, at the same term, on affidavits filed in support of a motion to set aside the default and reinstate the cause, the order of dismissal was vacated and the cause continued to the April term following, when the cause was tried by a jury, resulting in a verdict and judgment against the estate and in favor of appellee for $300, as of the seventh class, to be paid in due course of administration. To reverse this judgment the administrator prosecutes an appeal to this court.

As grounds for reversal it is urged that the court rejected proper testimony offered by the defendant, and admitted improper testimony on behalf of the appellee claimant.

A careful examination of the record fails to show that the court rejected any testimony offered by the defendants. What the court did do was to refuse a delay of the trial to enable the defendant to procure witnesses by whom it was claimed certain facts could be proven.

An exception was saved to this ruling of the court, and this was the only objection taken on this point.

Whether the trial should be delayed or not was a matter of discretion with the trial court, and not assignable error, especially where no showing under oath was made for the delay requested.

The testimony supposed to have been rejected by the

court was not offered, for the reason the witnesses were not present, and hence the court could not pass on its admissibility. As to the alleged rejection of testimony, therefore, the complaint is not sustained by the record.

We think there was no error in allowing the witnesses, Mary Seabeck and Vincent J. Reinke, to testify on behalf of appellee. So far as they had any interest pecuniarily, it was adverse to the allowance of appellee's claim, and therefore they were not within the prohibition of the statute.

But, aside from this question, there was sufficient evidence, entirely uncontradicted, to fully sustain the verdict and judgment.

We find no error in the instructions, and the judgment will be affirmed.